

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3885 | **DATE** | 6/28/2001 |
| **CASE TITLE** | Trans Union LLC vs. Credit Research, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Plaintiff now moves to enforce the preliminary injunction and defendants move to amend the preliminary injunction order. Both motions are denied. Status hearing set for July 24, 2001 at 9:45am. to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUN 29 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 62 |
| | Mail A 450 form. | FILED FOR DOCKETING | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 JUN 28 PM 5:00 | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRANS UNION LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 00 C 3885 |
| | ) | |
| CREDIT RESEARCH INC., and | ) | |
| CREDIT BUREAU OF CARMEL and | ) | |
| PEBBLE BEACH, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| CREDIT RESEARCH, INC. and | ) | |
| CREDIT BUREAU OF CARMEL and | ) | |
| PEBBLE BEACH, INC., | ) | |
| | ) | |
| Counter-plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| TRANS UNION LLC, and ACXIOM | ) | |
| CORPORATION, | ) | |
| | ) | |
| Counter-defendants. | ) | |

DOCKETED
JUN 29 2001

## MEMORANDUM OPINION AND ORDER

On March 26, 2001, we issued a preliminary injunction that gave plaintiff some, but not all, of the preliminary relief it sought. Plaintiff now moves to enforce the preliminary injunction and defendants move to amend the preliminary injunction order. Both motions are denied.

In the aftermath of the order, the dismantling of the transunioncredit domain names was not wholly effective. As late as April 27, 2001, a user was directed to a website advertising a store in New York selling baby furniture. That led, that same day, to plaintiff's motion to



enforce. The motion, in turn, led to an explanation of what had been done to comply, another court appearance, and further steps to ensure compliance.

It is now June 28, 2001. The last "hit" by domain name use was over two months ago (and how the websites for unrelated products could pop up remains a mystery). We think it apparent that the second effort eliminated what was, even then, a minor residual use. We see no reason to enter any further coercive order, particularly because of our denial of defendants' motion to amend.

Defendants resist transfer of the transunioncredit domain names to plaintiff. We did not focus on that aspect in the April Order, as defendants did not focus on it. Plaintiff now contends that defendants' contentions came too late, that final judgment vacation or amendment standards must be met. We disagree with that – the order is interlocutory and subject to change. But we see no reason to change it in view of plaintiff's agreement not to use the domain names pending further order of the court. Plaintiff cannot be the recipient of confidential information, as defendants apparently fear, if the domain names are not operable or operated. We are mindful, as well, that the contractual agreements come to an end July 1, 2001. Should the relationship end we are at a loss to understand any reason for a continued reference by defendants to transunion. In the meantime, while the litigation proceeds, we think it best to park those domain names with plaintiff, there to have a wholly passive status.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 28, 2001.