

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3885 | **DATE** | 3/10/2003 |
| **CASE TITLE** | Trans Union, LLC vs. Credit Research, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Counter-plaintiffs' motion for appointment of a special master at Trans Union's expense is granted in part and denied in part. The parties are directed to submit the names and resumes of up to three person they believe suitable to serve in the capacity as special master, as well as comments on the scope of the reference, by April 1, 2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | | |
| | No notices required. | | number of notices | | | |
| | Notices mailed by judge's staff. | | | | | |
| | Notified counsel by telephone. | | MAR 11 2003 | | | |
| ✓ | Docketing to mail notices. | | date docketed | | | |
| | Mail AO 450 form. | | docketing deputy initials | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | | | |
| WAH | courtroom deputy's initials | | | | | |

JHUOO TOIRTZID .Z.U
CLERK
03 MAR 10 PM 3: 50
FILED-ED-10

Date/time received in central Clerk's Office

mailing deputy initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRANS UNION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 00 C 3885 |
| | ) | |
| CREDIT RESEARCH, INC., and CREDIT | ) | |
| RESEARCH BUREAU OF CARMEL AND | ) | |
| PEBBLE BEACH, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| ————————————————— | ) | |
| CREDIT BUREAU OF CARMEL AND | ) | |
| PEBBLE BEACH, INC., a California | ) | |
| corporation, CREDIT RESEARCH, INC., a | ) | |
| California corporation, CLIFFORD | ) | |
| CLARENCE MORTENSEN and PATRICIA | ) | |
| ANN MORTENSEN, | ) | |
| | ) | |
| Counter-plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TRANS UNION, LLC, a Delaware | ) | |
| limited liability company, and ACXIOM | ) | |
| CORPORATION, a Delaware corporation, | ) | |
| | ) | |
| Counter-defendants. | ) | |

DOCKETED

MAR 1 1 2003

## MEMORANDUM OPINION AND ORDER

Defendants and counter-plaintiffs Credit Research, Inc. and Credit Bureau of Carmel and Pebble Beach, Inc. (Credit Bureaus) counterclaim against plaintiff Trans Union LLC and Acxiom Corporation (counter-defendants). Counter-plaintiffs move for appointment of a special master at Trans Union's expense. For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

The history of this case is contained in the opinions that precede these motions. *See* Trans Union LLC v. Credit Research Inc., 142 F.Supp.2d 1029 (March 26, 2001); Trans Union LLC v. Credit Research Inc., 2001 WL 648953 (June 4, 2001); Trans Union LLC v. Credit Research Inc., 2002 WL 31993974 (December 2, 2002). To summarize, all parties are involved in the credit reporting business. Trans Union is a national player and Credit Bureaus are local agencies operating in California. Acxiom provides data services such as list management and brokerage and manages all of Trans-Union's data processing operations. From 1986 through June 2001, Credit Bureaus collected data on individuals within their service area and licensed it to Trans Union for national distribution. Counter-plaintiffs assert that under a 1986 agreement Trans Union was to compensate them when their data was included in Trans Union products. They allege that Trans Union did not pay them for use of their data, including data that was given to Acxiom.

## DISCUSSION

In their motion, counter-plaintiffs request that we appoint a special master to perform an audit of Trans Union's financial records. In his affidavit, counter-plaintiffs' attorney, Bruce MacLeod, states:

> To determine the factual predicated for whether "credit report" pricing is warranted, the Special Master will need to audit Trans Union's project files and technical files to determine the following (a) for each transaction that included a charge for Miscellaneous Processing Fees, whether such fees were in fact charges for Appends of Attributes/TU Characteristics; (b) for each transaction that included a charge for Attributes/TU Characteristics, whether such charge was in fact for appending the Attributes/TU Characteristics rather than using them as selection criteria; and (c) for both of the above types of transactions, whether the lists with appended Attributes/TU Characteristics contained sufficient indicative information to identify the consumers. I am informed by Trans Union's counsel that making the necessary determinations with respect

to the Miscellaneous Processing Fees alone will require inspection of two files
(a project file and a technical file) for each of 1700 transactions....

*(MacLeod Aff., ¶5.)*

Under Federal Rule of Civil Procedure 53(b)  we may refer a special master in a jury trial "only when the issues are complicated." Counter-defendants contest that the issues in this case are sufficiently complicated to warrant appointing a special master.  They characterize the scope of the proposed audit as a calculation of damages easily performed by a jury and argue that the volume of transactions involved does not alone establish the complexity required under Rule 53(b).

We recognize that use of special masters should be the exception rather than the rule, Dairy Queen, Inc. v. Wood, 369 U.S. 469, 478 (1962).   However, the issues in this case are sufficiently complicated to require the aid of an auditor.  We are painfully aware of the complexities in counter-plaintiffs' claim for compensation arising out of the alleged use of their data in Trans Union's Standard Characteristics product.[1]   Sorting out the factual details needed to resolve this detail alone warrants the use of a special master.  The claims before us are distinguishable from the cases cited by counter-defendants.  In Clark v. Weisberg, 1999 U.S. LEXIS 11341, *13 ( N.D.Ill. 1999) and Checkers Eight, 1997 WL 627643, * 5 (N.D.Ill. 1997) the courts found that the issues presented were "not more complicated than those found in the usual action" and "not so complicated as to warrant the appointment of a special master," respectively.  Rather, the factual issues before us fit into the category outlined by the Supreme Court in Ex parte Peterson, 253 U.S. 300 (1920), and followed by the Seventh Circuit

---

[1]For details on this claim *see* Trans Union LLC v. Credit Research Inc 2002 WL 31993974 (December 2, 2002).

in Graffis v. Woodward, 96 F.2d 329 (1938). Peterson held that "where accounts are complex and intricate, or the documents and other evidence voluminous, or where extensive computations are to be made" district courts could appoint special masters. 253 U.S. at 313. While we recognize that these cases were decided before the adoption of Rule 53, they are still helpful in determining when the issues in a case are sufficiently complex to require outside expertise.

Counter-defendants also note that the costs and delay associated with special masters weigh against appointment. *See generally* Adventures in Good Eating, Inc. v. Best Places to Eat, Inc., 131 F.2d 809 (7th Cir. 1942). This appointment will add costs and possible delay to a case that has already gone on for two-and-a-half years. Ultimately, however, we believe the benefits of a special master's expertise will outweigh the drawbacks.

Under Rule 53(a) we may direct which parties are required to compensate the special master. Counter-plaintiffs assert that Trans Union should bear the costs of a special master, arguing that Trans Union has already admitted partial liability and that they, counter-plaintiffs, would be unable to pay for the appointment on their own. We agree that compensation should follow liability, but are unpersuaded that any liability has been established at this point. Since a special master is the logical next step in this case, we direct the parties to split the costs of the appointment at this juncture, and if and when liability is established that cost can be shifted accordingly. We are mindful that the next step is to make estimates of the scope and revenue from various types of transactions, quite possibly through sampling techniques relating to far less than a complete audit, with Trans Union's liability, if any, and the extent of the liability, left to another day.

## CONCLUSION

For the above reasons, counter-plaintiffs' motion for appointment of a special master at Trans Union's expense is granted in part and denied in part. The parties are directed to submit the names and resumes of up to three persons they believe suitable to serve in the capacity as special master, as well as comments on the scope of the reference, by April 1, 2003.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

_____March 10___, 2003.